**CV14 5021**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------- x
EMI APRIL MUSIC INC., HUNGLIKEYORA :
MUSIC, LORENE LORENE PUBLISHING, WB :
MUSIC CORP., and GREEN DAZE MUSIC, :
:
:
:
Plaintiffs, :
:
-against- :
:
:
:
BIG HOUSE BAR & GRILL, INC., DOUGLAS :
JAFFE, and TIMOTHY C. MCCAULEY, :
:
Defendants. :
---------------------------------------- x

FILED
CLERK

2014 AUG 25 AM 10: 10

Civil Action
No. U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**COMPLAINT**

WEXLER, J.

TOMLINSON, M.J.

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a) and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege five (5) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2* are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, defendant Big House Bar & Grill, Inc. ("Big House") is a corporation organized under the laws of the state of New York, with a principal place of business at 1031 Fort Salonga Rd., Northport, New York 11768.

6. At all times hereinafter mentioned, Big House did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Elijah Churchill's Public House ("Elijah Churchill's"), located at 1031 Fort Salonga Road, Northport, New York 11768.

7. Musical compositions were and are publicly performed at Elijah Churchill's.

8. On information and belief, defendant Douglas Jaffe ("Jaffe") is an individual who resides and/or conducts business in Suffolk County, New York.

9. On information and belief, Jaffe is a principal and/or officer of Big House.

10. On information and belief, defendant Timothy McAuley ("McAuley" and, collectively with Big House and Jaffe, the "Defendants") is an individual who resides and/or conducts business in Suffolk County, New York.

11. On information and belief, McAuley is a principal and/or officer of Big House.

---

* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

12. At all times hereinafter mentioned, Jaffe and McAuley were, and still are, jointly responsible for the control, management, operation and maintenance of the affairs of Big House.

13. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Elijah Churchill's.

### FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

14. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 500,000 songwriter, composer, and music publisher members.

15. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

16. ASCAP representatives have been attempting to contact the Defendants since at least 2007 to offer an ASCAP license for Elijah Churchill's, and have made at least 30 attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for Elijah Churchill's. ASCAP has contacted Defendants by phone, by mail, by e-mail, and in person.

17. ASCAP's various communications put Defendants on notice that unlicensed performances of ASCAP's members' musical compositions at Elijah Churchill's constitute infringement of ASCAP's members' copyrights in their musical works.

3

18. Defendants have refused all of ASCAP's license offers for Elijah Churchill's.

19. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Elijah Churchill's, including the copyrighted works involved in this action, without permission, during the hours that Elijah Churchill's is open to the public for business and presenting musical entertainment.

20. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

21. The compositions named in causes of action 1 through 4 were published on the date stated in Column 5, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

22. The composition named in cause of action 5 was registered as an unpublished composition on the date stated in Column 5, and since the date of registration has been printed and published in strict conformity with Title 17 of the United States Code.

23. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

24. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Elijah Churchill's, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

25. The public performances on Defendants' premises of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized:

neither Defendants, nor any of the Defendants' agents, servants, or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

26. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

27. The many unauthorized performances at Elijah Churchill's include the performances of the five copyrighted musical compositions upon which this action is based.

28. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

29. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions or any of them and from causing or permitting the said compositions to be publicly performed at Elijah Churchill's, or in any place owned, controlled or conducted by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

Dated:   New York, New York
         August 25, 2014

By: _____
Richard H. Reimer
Jackson P. Wagener
ASCAP
1900 Broadway
New York, NY 10023
(212) 621-6000 (P)
(212) 787-1381 (F)
rreimer@ascap.com
jwagener@ascap.com

Attorneys for Plaintiffs

# SCHEDULE A

## Schedule A

| Columns 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Cause of Action | Plaintiffs | Musical Composition | Writer(s) | Date of Publication or Registration (if registered as an unpublished work) | Certificate of Registration Number | Date of Known Infringement |
| 1. | EMI APRIL MUSIC INC. HUNGLIKEYORA MUSIC | DRIVE | BRANDON BOYD (Brandon C. Boyd) MICHAEL EINZIGER (Michael A. Einziger) CHRIS KILMORE (Christopher E. Kilmore) JOSE PASILLAS (Jose A. Pasillas) ALEX KATUNICH | October 28, 1999 | PA 978-102 | February 7, 2014 |
| 2. | LORENE LORENE PUBLISHING WB MUSIC CORP. | BREAKFAST AT TIFFANY'S | TODD PIPES (Todd D. Pipes) | June 13, 1995 | PA 828-593 | February 7, 2014 |
| 3. | GREEN DAZE MUSIC WB MUSIC CORP. | BOULEVARD OF BROKEN DREAMS | MICHAEL PRITCHARD (Mike Pritchard) FRANK WRIGHT (Frank E. Wright) BILLIE JOE ARMSTRONG | September 21, 2004 | PA 1-251-317 | February 7, 2014 |
| 4. | GREEN DAZE MUSIC WB MUSIC CORP. | WHEN I COME AROUND | MICHAEL PRITCHARD (Mike Pritchard) FRANK WRIGHT III (Frank E. Wright) BILLIE JOE ARMSTRONG | February 1, 1994 | PA 713-967 | February 7, 2014 |
| 5. | GREEN DAZE MUSIC WB MUSIC CORP. | GOOD RIDDANCE (TIME OF YOUR LIFE) | MICHAEL PRITCHARD (Mike Pritchard) FRANK WRIGHT (Frank E. Wright) BILLIE JOE ARMSTRONG | February 5, 1996 | PAu 2-060-786 REGISTERED AS UNPUBLISHED | February 7, 2014 |